**Sukhvinder KAUR, Petitioner,**

v.

**John ASHCROFT, Attorney General, Respondent.**

No. 03–71243.

Agency No. A76–676–225.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Oct. 8, 2004.

Decided Nov. 9, 2004.

Robert B. Jobe, Esq., Law Office of Robert B. Jobe, San Francisco, CA, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Christopher C. Fuller, Ethan B. Kanter, Esq., DOJ—U.S. Department of Justice, Washington, DC, for Respondent.

Before HALL, BRUNETTI, and GRABER, Circuit Judges.

MEMORANDUM *

Petitioner Sukhvinder Kaur appeals the Board of Immigration Appeals' ("BIA") final order of removal to India. The BIA summarily affirmed the immigration judge's ("IJ") decision to deny Kaur's application for asylum and withholding of removal. The IJ found that Kaur was not credible and did not establish that she has a well-founded fear of future persecution.

The adverse credibility finding is not supported by substantial evidence. The main basis for the adverse credibility finding was Kaur's failure to state on her I–589 that she was raped, instead saying only that she was "insulted." However, our cases have unequivocally held that failure to report a rape immediately is not a proper basis for an adverse credibility finding. *Kebede v. Ashcroft*, 366 F.3d 808, 811 (9th Cir.2004); *Paramasamy v. Ash-*

---

*croft,* 295 F.3d 1047, 1052–53 (9th Cir. 2002).

Furthermore, written on the I–589 next to the word "insulted" is the phrase "further details to be provided," which supports Kaur's assertion that she was embarrassed to describe details on the form. Kaur also explained that in Punjabi the word "insulted" can mean "molested."

While the IJ identified other reasons in support of the adverse credibility finding, those reasons are insufficient. In fact, the IJ himself described those reasons as "not ... of great concern." "Minor inconsistencies in the record that do not relate to the basis of an applicant's alleged fear of persecution, go to the heart of the asylum claim, or reveal anything about an asylum applicant's fear for his safety are insufficient to support an adverse credibility finding." *Manimbao v. Ashcroft,* 329 F.3d 655, 660 (9th Cir.2003).

Because the adverse credibility finding is not supported by substantial evidence, Kaur's testimony must be believed. If believed, it establishes past persecution on account of an actual or imputed political opinion. Therefore, the case must be remanded for an exercise of the Attorney General's discretion.

PETITION GRANTED; REMANDED.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.